892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND,
Plaintiffs-Appellees,
v.
SKYLAND LEASING, et al., Defendants-Appellants.
 No. 89-1251.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1990.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiffs, Central States Pension Fund, et al., appeal a post-judgment order by the United States District Court for the Western District of Michigan which refused to allow them to garnish certain funds of the intervenor, Skyland Transportation.
 
 
 2
 The underlying facts of this case are set out more fully in the companion case, Central States, et al., v. Skyland Leasing, et al., No. 88-1336, (6th Cir. Nov. 30, 1989), in which we affirmed the district court's summary judgment finding Skyland Leasing, et al., liable for ERISA contributions to Central States and the other pension fund plaintiffs.
 
 
 3
 Subsequent to the district court's decision, the Funds filed and served garnishments against Keller, Van Dyke, and Skyland Leasing. The Funds discovered an account at Bell Commercial Credit Union in the name of Skyland Transportation, a Michigan corporation, set up by two of the judgment-debtor defendants in the ERISA action, Stephen F. Van Dyke and Kenneth N. Keller. The Funds claimed that the money in that account belonged to Van Dyke or Keller, or alternatively, that Skyland Transportation was a successor corporation created to evade collection of withdrawal liability under 29 U.S.C. § 1392(c). The district court reviewed Skyland Transportation's corporate structure, its business history and present functions, and its relationship to Skyland Leasing or Skyland, Inc. The court concluded that Transportation had a bona fide existence separate from Keller, Van Dyke, or Skyland Leasing, that there was no abuse of the corporate form or fraud on the part of the defendants, and that Skyland Transportation was not created to evade collection of withdrawal liability under 29 U.S.C. § 1392(c). Consequently, the district court held that the account had been improperly garnished and ordered the release of the funds.
 
 
 4
 We find no error in the district court's factual findings or analysis. For that reason, we affirm the district court.